CV 14 - 2349

| FITAPELLI & SCHAFFER, LLP | TERRELL MARSHALL DAUDT & WILLIE PLLC |
|---|---|
| Joseph A. Fitapelli | Beth E. Terrell |
| Brian S. Schaffer | Mary B. Reiten |
| Frank J. Mazzaferro | 936 North 34th Street, Suite 300 |
| 475 Park Avenue South, 12th Floor | Seattle, Washington 98103-8869 |
| New York, New York 10016 | Telephone: (206) 816-6603 |
| Telephone: (212) 300-0375 | |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

SPINE-ETICS CHIROPRACTIC
WELLNESS SERVICE, P.C., individually
and on behalf of all others similarly situated,

Plaintiff,

v.

NATIONAL FUNDING INC., a California
corporation,

Defendants.

NO.                          BROWN, M.J.

**CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY**

Plaintiff Spine-Etics Chiropractic Wellness Service, P.C. (hereinafter referred to as "Plaintiff"), by its undersigned counsel, for this class action complaint against Defendant National Funding Inc., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendants") allege as follows:

## I.   INTRODUCTION

1. <u>Nature of Action</u>. Plaintiff individually and as class representative for all others similarly situated business, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II.   PARTIES

2. <u>Plaintiff</u>. Plaintiff Spine-Etics ("Plaintiff") is a Domestic Professional Corporation incorporated in the state of New York, with its principal place of business located in Suffolk County, New York.

3. <u>Defendant National Funding Inc.</u> ("National Funding") is a California corporation with its principal place of business in San Diego, California. National Funding is doing business in New York and throughout the United States.

## III.   JURISDICTION AND VENUE

4. <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendant because the wrongful acts alleged in this Complaint were committed in New York.

6. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

## IV.   THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" (hereinafter "Junk Faxes"). *See* 47 U.S.C. §§ 227(b)(1)(C). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission" (i.e. Junk Faxes). *See* 47 U.S.C. §§ 227(a)(4). Junk Faxes impose unwanted burdens on the contacted party, including the costs of paper and ink and making fax machines unavailable for legitimate business purposes. The TCPA provides a private cause of

action to persons who receive Junk Faxes in violation of 47 U.S.C. § 227(b)(1)(C). *See* 47 U.S.C. § 227(b)(3).

9. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

10. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See* FCC Declaratory Ruling in re Petition filed by DISH Network, LLC for Declaratory Ruling Concerning TCPA Rules, CG Docket No., 11-50 (May 9, 2013) (available at http://www.huntonprivacyblog.com/wp-content/uploads/2013/05/FCC-13-54A1.pdf) (last visited January 21, 2014).

## V. FACTUAL ALLEGATIONS

11. Defendant National Funding is a privately held company which offers a range of financial services and products to small businesses.

12. Defendant's strategy for increasing the volume of its customers involves sending Junk Faxes to solicit business, many of which are made to recipients who have not consented to receive these Junk Faxes.

### A. Factual Allegations Regarding Plaintiff

13. On February 11, 2014, Plaintiff received a Junk Fax offering to provide Plaintiff with credit for business expenses. The Junk Fax advertised, "I need to update your account. I can get you cash in 24 hours to use for expansion, inventory, TAXES or any other business expense. You've Prequalified up to $150,000. Call me today to get started."

14. The Junk Fax encouraged the reader to contact David Nearing via email dnearing@nationalfunding.com or call 1-800-474-3119. The phone number and contact email are all owned, maintained, and operated by Defendant.

15. When one calls the telephone number listed on the Junk Faxes, 1-800-474-3119, the caller is connected with an answering machine for David Nearing.

16. Defendant is responsible for sending the above-described Junk Fax.

17. Defendant's Junk Faxes to Plaintiff's fax line were advertisements, soliciting Plaintiff to use Defendant's service to obtain credit for business expenses.

18. Plaintiff did not provide prior express consent to the receipt of Junk Faxes from Defendant, did not voluntarily agree to make its facsimile number available for public distribution, did not invite or give permission to Defendant to use its fax number, and had no established business relationship with Defendant.

19. Defendant has sent a large number of substantially similar unsolicited Junk Fax advertisements to persons in New York and throughout the United States.

20. Defendant intends to continue to send similar unsolicited Junk Fax advertisements to persons in New York and throughout the United States.

## VI. CLASS ACTION ALLEGATIONS

21. <u>Class Definition</u>. Pursuant to F.R.C.P. 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of National Class as defined as follows:

> <u>Junk Fax Class</u>: All businesses in the United States who: (a) received one or more unsolicited facsimile messages from Defendant and/or a third party acting on Defendant's behalf; (b) promoting Defendant's goods or services; (c) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees,

and successors. Also excluded are the judge to who this case is assigned and any member of the judge's immediate family.

22.  Numerosity. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

23.  Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

   a.  As to Plaintiff and the Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf negligently violated 47 U.S.C. § 227(b)(1)(C) by sending Junk Faxes to Plaintiff and members of the Class;

   b.  As to Plaintiff and the Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(C) by sending Junk Faxes to Plaintiff and members of the Class, thus entitling Plaintiff and the Junk Fax Class to treble damages;

   c.  Whether Defendant is liable for Junk Faxes promoting Defendant's products and/or services made by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf; and

   d.  Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

24.  Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

25.  Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff

and its counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor its counsel have interests that are contrary to or that conflict with those of the proposed Class.

26. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

27. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

28. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that Junk Faxes made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.   FIRST CLAIM FOR RELIEF
(Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C) – Junk Faxes – Junk Fax Class)

29. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

30. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(C), by sending Junk Faxes to Plaintiff and members of the Class.

31. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(C), Plaintiff and members of the Class are entitled to an award of $500 in statutory damages for each and every negligent facsimile in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(C), by sending Junk Faxes in the future.

## VIII.   SECOND CLAIM FOR RELIEF
(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C – Junk Faxes – Junk Fax Class)

33. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

34. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(C), by sending Junk Faxes to Plaintiff and members of the Class.

35. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. §

227(b)(1)(C), Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every knowing and/or willful facsimile in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

36. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(C), by sending Junk Faxes in the future.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## X. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 11th day of April, 2014.

By: /s/ Joseph A. Fitapelli

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
Beth E. Terrell
Mary B. Reiten
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603

*Attorneys for Plaintiff and the Proposed Class*